**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEVIN COBB, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PEROS CONSTRUCTION CORP, PEROS INTERIOR CONCEPTS CORP., PEROS CONSTRUCTION & REMODELING CORP., PEROS CONSTRUCTION & RENOVATION CORP, GEORGIOS PEROS a/k/a GEORGE PEROS, and GEORGE J. MOUSOURIS,<br><br>Defendants. | **Case No. 26-CV-9493**<br><br>**COMPLAINT** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Kevin Cobb ("Plaintiff" or "Cobb"), on behalf of himself and all others similarly situated, by and through his attorneys, Arenson, Dittmar & Karban, as and for his Complaint against Peros Construction Corp ("Peros Construction"), Peros Interior Concepts Corp. ("Peros Interior"), Peros Construction & Remodeling Corp. ("Peros Remodeling"), and Peros Construction & Renovation Corp ("Peros Renovation") (collectively, the "Corporate Defendants"), and Georgios Peros a/k/a George Peros ("Peros") and George J. Mousouris ("Mousouris") (together, the "Individual Defendants," and with the Corporate Defendants, "Defendants"), alleges as follows, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. Defendants run a construction and renovation business that performs carpentry, framing, sheetrock, and cabinet work on residential projects in New York City, including the gut renovation of a multi-building affordable housing complex at 664-672 Beck Street in the Bronx. Defendants operate that business through a cluster of "Peros" corporations that

share owners, managers, supervisors, office addresses, pay practices, and a single workforce.

2. Defendants paid Plaintiff and their other construction workers straight time for every hour worked, including the hours they worked over forty each week. Defendants did not pay overtime. Nor did Defendants give their workers the wage notices and wage statements that New York law requires.

3. Plaintiff brings this action to recover unpaid overtime, liquidated damages, statutory damages, interest, attorneys' fees, and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq.* and §§ 650 *et seq.* ("NYLL"), including the Wage Theft Prevention Act ("WTPA"). Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b), and his NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**<u>JURISDICTION AND VENUE</u>**

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367(a), because those claims arise from the same employment relationship and the same pay practices as the FLSA claim and form part of the same case or controversy.

5. This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff performed most of his work for Defendants at 664-672 Beck Street in Bronx County, where Defendants failed to pay him overtime and failed to provide him with wage statements, and

where, upon information and belief, most members of the FLSA Collective and the Class also worked. Venue is also proper under 28 U.S.C. § 1391(b)(1), because all Defendants reside in the State of New York and at least one Defendant resides in this District. Under 28 U.S.C. § 1391(c)(2) and (d), each Corporate Defendant that performed work in the Bronx or Manhattan, including Peros Construction and Peros Interior, resides in this District, because its contacts with this District would suffice to subject it to personal jurisdiction here if this District were a separate State.

## PARTIES

### Plaintiff

7. Plaintiff Kevin Cobb is an individual residing in Queens County, New York. Defendants employed Plaintiff as a carpenter from in or about late 2022 through in or about November 2023.

8. Plaintiff has consented in writing to be a party plaintiff in this action under 29 U.S.C. § 216(b). His written consent is filed together with this Complaint.

### The Corporate Defendants

9. Defendant Peros Construction is a domestic business corporation organized under the laws of the State of New York in 2015, with its principal place of business at 59 Guilford Park Drive, West Babylon, New York 11704. That address is printed on Peros Construction’s payroll checks. The New York Department of State (“DOS”) lists Peros Construction’s address for service of process as “c/o George J. Mousouris,” 21-12 Broadway, Astoria, New York 11106.

10. Defendant Peros Interior is a domestic business corporation organized under the laws of the State of New York in 2021, with its principal place of business at 59 Guilford Park Drive,

West Babylon, New York 11704. That address is printed on Peros Interior's payroll checks and is the address DOS lists for service of process on Peros Interior.

11. Defendant Peros Remodeling is a domestic business corporation organized under the laws of the State of New York in 2018. DOS lists Peros Remodeling's address for service of process as "Georgios Peros," 21-12 Broadway, Astoria, New York 11106, the same Astoria address DOS lists for Peros Construction. Upon information and belief, Peros Remodeling also operates out of 59 Guilford Park Drive, West Babylon, New York 11704.

12. Defendant Peros Renovation is a domestic business corporation organized under the laws of the State of New York in 2016. DOS lists Peros Renovation's address for service of process as "c/o Georgios Peros," 59 Guilford Park Drive, West Babylon, New York 11704.

13. The Corporate Defendants are in the construction and renovation business and perform work throughout New York City, including in the Bronx and Brooklyn and, upon information and belief, currently in the Manhattanville section of Manhattan.

**The Individual Defendants**

14. Upon information and belief, Defendant Peros is a resident of Queens County, New York. Peros is an owner, officer, and principal of each of the Corporate Defendants. DOS records list Peros as the contact for service of process on Peros Remodeling and Peros Renovation.

15. Upon information and belief, Defendant Mousouris is a resident of Queens County, New York. Mousouris is an owner, officer, and principal of each of the Corporate Defendants. DOS records list Mousouris as the contact for service of process on Peros Construction.

16. Upon information and belief, Peros and Mousouris are cousins who together own, operate, and control the Corporate Defendants. Plaintiff knew them as his two bosses.

17. The Individual Defendants have, and exercise, the power to hire and fire Defendants' workers, set their rates of pay, set their schedules and conditions of employment, assign them to job sites, and determine how and when they are paid. Upon information and belief, the Individual Defendants also maintain, or direct the maintenance of, Defendants' employment and payroll records.

18. By way of example, Peros personally hired Plaintiff, personally set Plaintiff's $25 hourly rate, and set that same rate for the other carpenters on Plaintiff's crew. Peros personally handed Plaintiff his pay during the Brooklyn portion of Plaintiff's employment. Peros also directed the foremen who supervised Plaintiff's daily work, and through those foremen set Plaintiff's hours and schedule and transferred Plaintiff from Brooklyn to the Bronx.

19. By way of further example, Mousouris also handed Plaintiff his pay on occasion and also directed the foremen who supervised Plaintiff's daily work, and through those foremen set Plaintiff's hours and schedule.

## **THE CORPORATE DEFENDANTS ARE A SINGLE INTEGRATED ENTERPRISE**

20. The Corporate Defendants are not independent businesses. They are a single integrated enterprise that shares common ownership, common management, centralized control of labor relations, and interrelated operations. Each of the Corporate Defendants employed Plaintiff and the members of the FLSA Collective and the Class (defined below), either directly or as a joint employer, and each is jointly and severally liable for the violations alleged in this Complaint.

### **Common Ownership and Financial Control**

21. Upon information and belief, Peros and Mousouris own and financially control each of the Corporate Defendants. Every Corporate Defendant bears the "Peros" name, and the DOS

records for each Corporate Defendant identify either Peros, Mousouris, or the shared West Babylon office as the point of contact for the corporation.

22. The DOS records tie the entities together. DOS lists the same Astoria address, 21-12 Broadway, as the service address for Peros Construction (through Mousouris) and for Peros Remodeling (through Peros). DOS lists the same West Babylon address, 59 Guilford Park Drive, as the service address for Peros Renovation (through Peros) and for Peros Interior.

23. In addition, Peros Construction and Peros Interior both print that same 59 Guilford Park Drive, West Babylon address on their payroll checks.

24. Upon information and belief, the Individual Defendants move money, contracts, and workers among the Corporate Defendants as they see fit, and the Corporate Defendants do not deal with one another at arm's length.

**Common Management**

25. Upon information and belief, Peros and Mousouris manage each of the Corporate Defendants. The same owners, the same foremen, and the same supervisors direct the work of Defendants' crews regardless of which Corporate Defendant's name appears on a given worker's paycheck.

26. Upon information and belief, on the Beck Street project, a single foreman, known to the workers as "Manny," supervised crews that were paid by Peros Construction and crews that were paid by Peros Interior. Manny reported to the Individual Defendants.

**Centralized Control of Labor Relations**

27. The Individual Defendants control hiring, firing, pay rates, schedules, site assignments, and payroll for all of the Corporate Defendants from a central point. Peros set the pay rate for every carpenter on Plaintiff's crew. The foremen who carried out the Individual

Defendants' instructions hired, supervised, scheduled, and fired workers on every site, without regard to which Corporate Defendant issued those workers' pay.

28. Defendants applied the same pay policies to every worker, no matter which Corporate Defendant paid him. Each Corporate Defendant paid its workers straight time for all hours worked, including hours over forty in a workweek. None provided wage notices at hiring or wage statements with each payment of wages.

29. Upon information and belief, each day the foreman on each site required the workers to sign in and sign out in a book that the foreman kept. Defendants therefore recorded, and knew, the hours their workers worked.

**Interrelated Operations and a Shared Workforce**

30. The Corporate Defendants draw from one pool of workers and staff the same projects with that pool. Workers performing the same tasks, on the same site, under the same foreman, were paid by different Corporate Defendants.

31. By way of example, in 2023, a worker on Defendants' Beck Street project received weekly payroll checks from Peros Construction, drawn on a JPMorgan Chase Bank account and bearing the 59 Guilford Park Drive address.

32. By way of further example, another worker who worked on Defendants' Brooklyn and Bronx projects received payroll checks from Peros Interior, bearing the same 59 Guilford Park Drive address, in July 2023. For the pay period ending July 14, 2023, that worker received two separate Peros Interior checks, one drawn on a TD Bank account and one drawn on an Alma Bank account. For the pay period ending July 28, 2023, that worker again received two Peros Interior checks, drawn on the same two banks.

33. Upon information and belief, the name of the Corporate Defendant printed on a worker's paycheck bore no relationship to who hired that worker, who supervised him, where he worked, or what work he performed.

34. Plaintiff's own employment illustrates the point. When Defendants transferred Plaintiff from their Brooklyn project to their Bronx project, the name of the entity on Plaintiff's paychecks changed. Nothing else did. Plaintiff did not reapply, was not rehired, and received no new-hire paperwork. He kept the same bosses, the same pay rate, the same schedule, the same job duties, and the same unlawful straight-time pay practice.

35. For all of these reasons, the Corporate Defendants operate as a single integrated enterprise and are each Plaintiff's employer, and the employer of the members of the FLSA Collective and the Class, within the meaning of the FLSA and the NYLL.

## FLSA COVERAGE

36. At all relevant times, the Corporate Defendants, individually and together as a single enterprise, have been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

37. Upon information and belief, at all relevant times, Defendants' annual gross volume of sales made or business done has been not less than $500,000.

38. At all relevant times, Defendants have had employees engaged in commerce, and employees handling, selling, or otherwise working on goods or materials that have moved in or been produced for interstate commerce, including lumber, metal studs, sheetrock, cabinets, fasteners, and tools.

39. At all relevant times, each Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d) and N.Y. Lab. Law §§ 190(3) and 651(6), and Plaintiff and the members of

the FLSA Collective and the Class have been "employees" within the meaning of 29 U.S.C. § 203(e) and N.Y. Lab. Law §§ 190(2) and 651(5).

40. The Individual Defendants are employers under the FLSA and the NYLL because they exercised operational control over the Corporate Defendants and over the terms and conditions of Plaintiff's employment, as alleged above. The Individual Defendants are jointly and severally liable with the Corporate Defendants.

## STATEMENT OF FACTS

### Defendants' Common Pay Practices

41. Since at least 2020, Defendants have employed numerous construction workers, including carpenters, framers, sheetrock installers, cabinet installers, and demolition laborers, on residential renovation projects in New York City.

42. Among those projects was the renovation of a multi-building affordable housing complex at 664-672 Beck Street in the Bronx (the "Beck Street Project"). Upon information and belief, Defendants had approximately twenty to thirty workers on the Beck Street Project at a time, and another crew of approximately fifteen to twenty carpenters and cabinet installers on a residential renovation project in Brooklyn.

43. Defendants' construction workers regularly worked eight hours per day, six days per week, for approximately forty-eight hours per week.

44. Defendants paid their construction workers a flat hourly rate or a flat daily rate for all hours worked. Defendants did not pay an overtime premium of one and one-half times the regular rate for hours worked over forty in a workweek.

45. Defendants paid their construction workers weekly, by check. Defendants did not provide their workers with a written notice of their pay rate at the time of hiring, and did not provide them with wage statements with each payment of wages.

46. Defendants' failure to pay overtime was willful. Defendants tracked their workers' hours in daily sign-in books, knew that their workers regularly worked more than forty hours per week, and nevertheless paid them straight time for those hours.

47. Upon information and belief, Defendants fired workers who complained about not being paid overtime.

48. Defendants' pay practices reflect a uniform policy of minimizing labor costs by denying overtime to their construction workers.

**Plaintiff Kevin Cobb**

49. Peros hired Plaintiff as a carpenter in or about late 2022. Defendants employed Plaintiff through in or about November 2023.

50. Plaintiff's duties included reading blueprints, laying out and marking wall locations on floors, framing, installing cabinets, and general carpentry.

51. Plaintiff began working for Defendants on a residential renovation project in Brooklyn, where Defendants' crew installed kitchen cabinets and performed interior carpentry in occupied apartments. During that period, Peros personally handed Plaintiff his pay.

52. Defendants then transferred Plaintiff to the Beck Street Project in the Bronx, where he worked for the remainder of his employment. At the Beck Street Project, Plaintiff's foreman distributed his pay, and Plaintiff's paychecks bore the "Peros" name.

53. Throughout his employment, Plaintiff typically worked from approximately 7:00 a.m. to 3:30 p.m., or from approximately 8:00 a.m. to 4:30 p.m., Monday through Saturday, with a

thirty-minute unpaid meal break, for a total of approximately forty-eight hours per week. On some days, Plaintiff worked until approximately 5:00 p.m. to finish cabinet installations.

54. Plaintiff signed in and signed out each day in a book kept by the foreman.

55. Throughout his employment, Defendants paid Plaintiff $25 per hour for every hour he worked, including the hours he worked over forty each week, for approximately $1,200 per week in a typical forty-eight-hour week.

56. Defendants never paid Plaintiff an overtime premium. For each hour Plaintiff worked over forty in a workweek, Defendants owed Plaintiff at least $37.50, but paid him only $25.

57. Defendants paid Plaintiff weekly, by check.

58. Plaintiff was afraid to complain about Defendants' failure to pay overtime, because he had heard that other workers had been fired for complaining about their pay.

59. Defendants did not provide Plaintiff, at the time of hiring or at any time after, with a written notice of his rate of pay, the basis of that rate, his overtime rate, his regular pay day, the name of his employer and any "doing business as" names, or the address and telephone number of his employer's main office, as required by NYLL § 195(1).

60. Defendants did not provide Plaintiff with a wage statement with any payment of wages listing, among other things, his hours worked, his regular and overtime rates of pay, his gross and net wages, and the name, address, and telephone number of his employer, as required by NYLL § 195(3).

61. Defendants' failure to provide the required notice and wage statements injured Plaintiff in concrete ways. Because Plaintiff never received a statement of his hours and rates, he could not see that Defendants were paying his overtime hours at straight time, could not check his

pay against his hours, and could not determine how much he was owed. Because Defendants paid Plaintiff through entities with different names and never told him in writing who his employer was, Plaintiff could not identify which entity was legally responsible for his wages. As a result, Plaintiff was delayed in asserting his right to recover his unpaid wages, and has been deprived of the use of those wages for years.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiff brings his First Claim, under the FLSA, as a collective action under 29 U.S.C. § 216(b), on behalf of himself and all current and former non-exempt construction workers, including carpenters, framers, sheetrock installers, cabinet installers, and laborers, employed by any Defendant in New York at any time from three years before the filing of this Complaint through the entry of judgment in this action (the "FLSA Collective").

63. Plaintiff and the members of the FLSA Collective are similarly situated. They performed the same or similar construction work, were supervised by the same owners and foremen, were paid under the same straight-time pay practice, and were denied overtime pay under the same common policy.

64. Defendants are liable under the FLSA for failing to pay Plaintiff and the members of the FLSA Collective overtime at one and one-half times their regular rate for all hours worked over forty in a workweek. Notice of this action should be sent to the members of the FLSA Collective under 29 U.S.C. § 216(b).

65. The members of the FLSA Collective are known to Defendants, are readily identifiable, and can be located through Defendants' records, including their payroll records, check registers, and daily sign-in books.

## CLASS ACTION ALLEGATIONS

66. Plaintiff brings his Second and Third Claims, under the NYLL, as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all current and former non-exempt construction workers, including carpenters, framers, sheetrock installers, cabinet installers, and laborers, employed by any Defendant in New York at any time from six years before the filing of this Complaint through the entry of judgment in this action (the "Class").

67. *Numerosity.* The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employed approximately thirty-five construction workers at a time on the Beck Street Project and their Brooklyn project alone, and, given ordinary turnover in the construction trades, the Class exceeds forty members. The precise number of Class members is within Defendants' exclusive knowledge and can be determined from Defendants' records.

68. *Commonality.* Questions of law and fact common to the Class include, among others:

a. whether the Corporate Defendants operate as a single integrated enterprise and are joint employers of the Class members;

b. whether Defendants paid Class members straight time for hours worked over forty in a workweek;

c. whether Defendants failed to pay Class members overtime at one and one-half times their regular rate, as required by the NYLL and its implementing regulations;

d. whether Defendants failed to provide Class members with the wage notices required by NYLL § 195(1);

e. whether Defendants failed to provide Class members with the wage statements required by NYLL § 195(3);

f. whether Defendants failed to keep the payroll records required by NYLL §§ 195(4) and 661 and 12 N.Y.C.R.R. § 142-2.6; and

g. whether Defendants acted willfully or in bad faith.

69. *Typicality.* Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class members worked for the same Defendants, under the same supervisors, and were subject to the same straight-time pay practice and the same failure to provide wage notices and wage statements.

70. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that conflict with those of the Class, and Plaintiff has retained counsel experienced in wage-and-hour class and collective actions.

71. *Predominance and Superiority.* The common questions identified above predominate over any questions affecting only individual Class members, because Defendants' liability turns on uniform policies applied to every Class member. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class members' individual claims are modest relative to the cost of individual litigation; many Class members are low-wage workers who lack the resources to sue on their own and who fear retaliation; and Defendants' own records will establish the hours worked and wages paid.

## FIRST CLAIM

**Fair Labor Standards Act: Unpaid Overtime**

**(On Behalf of Plaintiff and the FLSA Collective Against All Defendants)**

72. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

73. Plaintiff has consented in writing to be a party to this action under 29 U.S.C. § 216(b). His written consent is filed together with this Complaint.

74. The overtime provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and its implementing regulations apply to Defendants as employers and to Plaintiff and the members of the FLSA Collective as employees.

75. Defendants failed to pay Plaintiff and the members of the FLSA Collective overtime at one and one-half times their regular rate of pay for all hours worked over forty in a workweek, in violation of 29 U.S.C. § 207(a)(1).

76. Defendants failed to make, keep, and preserve accurate records of the hours worked and wages paid to Plaintiff and the members of the FLSA Collective, as required by 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

77. Defendants' violations of the FLSA were willful. Defendants knew of, or showed reckless disregard for, their obligation to pay overtime. A three-year statute of limitations therefore applies under 29 U.S.C. § 255(a).

78. Each of the Corporate Defendants is liable for these violations as a member of a single integrated enterprise and as a joint employer, and the Individual Defendants are personally liable as employers.

79. As a result of Defendants' violations, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover those amounts, an equal amount as liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b).

## SECOND CLAIM

### New York Labor Law: Unpaid Overtime

### (On Behalf of Plaintiff and the Class Against All Defendants)

80. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

81. The overtime provisions of Article 19 of the NYLL and its implementing regulations apply to Defendants as employers and to Plaintiff and the Class members as employees.

82. The regulations implementing the NYLL, 12 N.Y.C.R.R. § 142-2.2, require employers to pay employees overtime "at a wage rate of one and one-half times the employee's regular rate" for hours worked over forty in a workweek.

83. Defendants failed to pay Plaintiff and the Class members overtime at one and one-half times their regular rate for all hours worked over forty in a workweek, in violation of the NYLL and 12 N.Y.C.R.R. § 142-2.2.

84. Defendants failed to keep the payroll records required by NYLL §§ 195(4) and 661 and 12 N.Y.C.R.R. § 142-2.6.

85. Defendants' violations of the NYLL were willful and were not made in good faith.

86. Each of the Corporate Defendants is liable for these violations as a member of a single integrated enterprise and as a joint employer, and the Individual Defendants are personally liable as employers.

87. As a result of Defendants' violations, Plaintiff and the Class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recover those amounts, liquidated damages equal to one hundred percent of the unpaid wages, prejudgment interest, attorneys' fees, and costs under N.Y. Lab. Law §§ 198 and 663.

## THIRD CLAIM

**New York Labor Law: Wage Theft Prevention Act**

**(On Behalf of Plaintiff and the Class Against All Defendants)**

88. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing allegations as if set forth fully herein.

89. NYLL § 195(1) requires employers to provide each employee, at the time of hiring, a written notice of, among other things, the employee's rate or rates of pay and the basis thereof, the overtime rate of pay, the regular pay day, the name of the employer and any "doing business as" names, and the address and telephone number of the employer's main office or principal place of business.

90. NYLL § 195(3) requires employers to provide each employee, with every payment of wages, a statement listing, among other things, the dates of work covered, the name, address, and telephone number of the employer, the rate or rates of pay and basis thereof, the regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and net wages.

91. Defendants failed to provide Plaintiff and the Class members with the wage notices required by NYLL § 195(1).

92. Defendants failed to provide Plaintiff and the Class members with the wage statements required by NYLL § 195(3).

93. Defendants' failures were willful. As alleged above, those failures caused Plaintiff and the Class members concrete harm, including by concealing Defendants' underpayment of overtime, preventing them from identifying their legal employer, and delaying their ability to recover their unpaid wages.

94. Each of the Corporate Defendants is liable for these violations as a member of a single integrated enterprise and as a joint employer, and the Individual Defendants are personally liable as employers.

95. As a result of Defendants' violations of NYLL § 195(1), Plaintiff and each Class member are entitled to statutory damages of $50 for each workday that the violation occurred or continued, up to a maximum of $5,000, together with attorneys' fees and costs, under NYLL § 198(1-b).

96. As a result of Defendants' violations of NYLL § 195(3), Plaintiff and each Class member are entitled to statutory damages of $250 for each workday that the violation occurred or continued, up to a maximum of $5,000, together with attorneys' fees and costs, under NYLL § 198(1-d).

## DEMAND FOR TRIAL BY JURY

97. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the FLSA Collective and the Class, respectfully requests that this Court grant the following relief:

(1) designation of this action as a collective action under 29 U.S.C. § 216(b), and prompt issuance of court-authorized notice to all members of the FLSA Collective, informing them of this action, the nature of the claims, and their right to join it by filing a written consent;

(2) equitable tolling of the FLSA statute of limitations for the members of the FLSA Collective from the date of filing of this Complaint until the expiration of the notice period;

(3) certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, appointment of Plaintiff as Class representative, and appointment of Plaintiff's counsel as Class counsel under Rule 23(g);

(4) a declaratory judgment that the practices complained of herein violate the FLSA and the NYLL;

(5) an injunction against Defendants, and their officers, agents, successors, employees, representatives, and all persons acting in concert with them, from engaging in the unlawful practices alleged herein;

(6) an award of unpaid overtime compensation under the FLSA and the NYLL;

(7) an award of liquidated damages under the FLSA and the NYLL;

(8) an award of statutory damages under NYLL §§ 198(1-b) and 198(1-d);

(9) an award of prejudgment interest under N.Y. C.P.L.R. §§ 5001 and 5004, and post-judgment interest under 28 U.S.C. § 1961;

(10) an automatic increase of fifteen percent in any judgment amount under the NYLL that remains unpaid ninety days after judgment or after the expiration of the time to appeal, whichever is later, under NYLL § 198(4);

(11) an award of reasonable attorneys' fees, costs, and disbursements; and

(12) such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 29, 2026

Respectfully submitted,

**ARENSON, DITTMAR & KARBAN**

/s/Avi Mermelstein
By: Avi Mermelstein
420 Lexington Ave. Suite 1402
New York, New York 10170
Tel: (212) 490-3600
Fax: (212) 682-0278
avi@adklawfirm.com
*Attorneys for Plaintiff and the Putative Class*